**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LIMA ONE CAPITAL, LLC, | Civ. No. 21-10994 (KM) |
| Plaintiff, | |
| | OPINION |
| v. | |
| HARRISON DEVELOPERS, LLC, et al., | |
| Defendants. | |
| LIMA ONE CAPITAL, LLC, | Civ. No. 21-10995 (KM) |
| Plaintiff, | |
| v. | |
| BEACON STREET DEVELOPMENT, LLC, et al., | |
| Defendants. | |
| LIMA ONE CAPITAL, LLC, | Civ. No. 21-10996 (KM) |
| Plaintiff, | |
| v. | |
| BEACON STREET DEVELOPMENT, LLC, et al., | |
| Defendants. | |
| LIMA ONE CAPITAL, LLC, | Civ. No. 21-11032 (KM) |
| Plaintiff, | |

1

v.

**FORESTA CONSTRUCTION CO., et al.,**

          **Defendants.**

---

**LIMA ONE CAPITAL, LLC,**

          **Plaintiff,**

v.

**HERKIMER BK INVESTMENTS, LLC, et al.,**

          **Defendants.**

**Civ. No. 21-11035 (KM)**

---

**LIMA ONE CAPITAL, LLC,**

          **Plaintiff,**

v.

**HERKIMER BK INVESTMENTS, LLC, et al.,**

          **Defendants.**

**Civ. No. 21-11038 (KM)**

---

**KEVIN MCNULTY, U.S.D.J.**

      **THESE MATTERS** come before the Court on parallel motions by Plaintiff Lima One Capital, LLC ("Plaintiff" or "Lima") to remand these six removed cases to the state courts from which they originated.[1] Defendants Alexander

---

[1] Civil Action Nos. 21-10994, 21-10996, 21-11035 and 21-11038 were removed from the Superior Court of New Jersey, Hudson County, Chancery Division. Civil Action No. 21-10995 was removed from the Superior Court of New Jersey, Essex County, Chancery Division. Civil Action No. 21-11032 was removed from the Superior Court of New Jersey, Morris County, Chancery Division.

Pavlovsky, Harrison Developers, LLC, Beacon Street Development, LLC, Foresta Construction Co. and Herkimer BK Investments, LLC (collectively "Defendants") oppose Plaintiff's motions to remand. For the reasons set forth below, Plaintiff's motions to remand these matters are **GRANTED**.

## I.    BACKGROUND

These matters are all mortgage foreclosures. Defendants executed notes in amounts ranging from $252,000.00 [Civil Action No. 21-11032, DE 6-1 at ¶ 1] to $895,000.00 [Civil Action No. 21-11035, DE 6-1 at ¶ 1][2] in favor of Plaintiff, and the notes were secured by mortgages on the subject properties, all of which are located in New Jersey.[3] Each underlying note was executed by one of the defendant corporate entities, Harrison Developers, LLC, Beacon Street Development, LLC, Foresta Construction Co., and Herkimer Investments, LLC (collectively referred to as the "Developer"), and guaranteed by Defendant Alexander Pavlovsky. *See* DE 6-1 at ¶ 1-2. Defendants failed to make installment payments due under the terms of the mortgages and defaulted on September 10, 2020. *Id.* at ¶ 8.[4]

Plaintiff initiated foreclosure actions against Defendants in the Superior Court of New Jersey on January 15, 2021 [Civil Action. Nos. 21-10994, 21-10995, 21-10996 and 21-11032], February 3, 2021 [Civil Action No. 21-11035] and February 5, 2021 [Civil Action No. 21-11038]. Between February 12, 2021

---

[2] "DE" = Docket Entry. The parties submitted virtually identical briefing in connection with all of the various motions presently before the Court. For convenience, all record citations, unless otherwise specified, refer to the docket in Civil Action No. 21-10994.

[3] The addresses of the properties at issue are as follows: 88 Seaview Avenue, Jersey City, NJ 07305 [Civil Action No. 21-10994, DE 6-1 at Schedule A]; 92 Bloomfield Avenue, Nutley, NJ 07110 [Civil Action No. 21-10995, DE 6-1 at Schedule A]; 17 Elizabeth Street, Jersey City, NJ 07306 [Civil Action No. 21-10996, DE 8-1 at Schedule A]; 20 Oak Street, Lincoln Park, NJ 07035 [Civil Action No. 21-11032, DE 6-1 at Schedule A]; 208 Thorne Street, Jersey City, NJ 07307, 34 Clinton Street, Fairfield, NJ 07004, 9 Cleary Place, Fairfield, NJ 07004 [Civil Action No. 21-11035, DE 6-1 at Schedule A-C]; 42 Passaic Avenue, Jersey City, NJ 07307 [Civil Action No. 21-11038, DE 7-1 at Schedule A].

[4] The only exception is Civil Action No. 21-11032, in which Plaintiff claims the default date is August 17, 2020. Civil Action No. 21-11032, DE 6-1 at ¶ 8.

[*see* Civil Action No. 21-10994 DE 6] and March 8, 2021 [*see* Civil Action No. 21-11038 DE 7], Defendants filed their Answers to the Complaints, in which they also asserted counterclaims.

On May 9, 2021, Defendants began removing these matters to this Court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332.[5] Plaintiff timely filed[6] the pending motions to remand, claiming that there is no basis for this Court's jurisdiction, that removal was improper under the forum defendant rule, and that it was untimely.  *See* DE 7. In opposition, Defendants argue that diversity jurisdiction exists, that removal was both timely, and that the forum defendant rule does not apply because none of the Defendants are New Jersey citizens.

I conclude that Defendants' claims of diverse citizenship are dubious. It is not necessary to resolve the factual disputes relative to jurisdiction, however, because I find that removal was untimely under the statute.

## II.    DISCUSSION

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court . . . ." 28 U.S.C. § 1441(a). A defendant seeking to remove the matter bears the burden of showing that (1) federal subject matter jurisdiction exists, (2) removal was timely filed, and (3) removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). After a case has been removed, the district court may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). "[R]emoval statutes 'are to be strictly construed against

---

[5] Civil Action Nos. 21-10994, 21-10995 and 21-10996 were removed on May 9, 2021. Civil Action Nos. 21-11032, 21-11035 and 21-11038 were removed on May 10, 2021.

[6] Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Plaintiff's motions to remand were all filed within 30 days of the filing of the Notices of Removal.

removal and all doubts should be resolved in favor of remand.'" *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F. 2d 848, 851 (3d Cir. 1992)).

### A. Diversity Jurisdiction

A district court has subject matter jurisdiction over suits in which the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity must exist both at the time the complaint is filed and, if the case is removed, at the time of removal. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). Defendants as the removing party bear the burden to establish federal jurisdiction. *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir. 1985).

Additionally, Section 1441(b)(2) imposes another limitation on removal, known as the "forum defendant rule." It provides that an "action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "[T]he forum defendant rule prohibits removal based on diversity where a defendant is a citizen of the forum state—the state in which the plaintiff originally filed the case." *In Re Plavix Prod. Liab. & Mktg. Litig.*, No. 3:13-03610, 2014 WL 4954654, at *3 (D.N.J. Oct. 1, 2014) (citing *Blackburn v. United Parcel Service, Inc.,* 179 F.3d 81, 90 n.3 (3d Cir. 1999)).

Plaintiff first argues that diversity jurisdiction is not present because the amount in controversy requirement is not satisfied. Plaintiff argues that because foreclosure actions are *in rem* proceedings and not *in personam* actions for damages, they cannot meet the amount in controversy requirement. *See* DE 7-1 at p. 6-7. It is well settled, however, that the amount in controversy requirement is satisfied in a foreclosure action where the value of the note exceeds the jurisdictional threshold. *See Green Tree Servicing LLC v. Cargille*, 662 F. App'x 118, 121 (3d Cir. 2016) (stating that the amount in controversy

5

requirement in foreclosure actions is met where "the amount of the[] note and the value of the property" exceed the $75,000 jurisdictional threshold). Here, the amounts of the notes range from $252,000.00 [Civil Action No. 21-11032, DE 6-1 at ¶ 1] to $895,000.00 [Civil Action No. 21-11035, DE 6-1 at ¶ 1]. These amounts plainly exceed the $75,000 threshold. Accordingly, the Court finds that the amount in controversy requirement has been satisfied.

Plaintiff next argues that because defendant is a citizen of New Jersey, complete diversity of citizenship is lacking and removal was improper under the forum defendant rule. The citizenship of a party is determined as follows:

> A natural person is deemed to be a citizen of the state where he is domiciled. A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business. But unlike corporations, unincorporated associations such as partnerships are not considered 'citizens' as that term is used in the diversity statute. Instead, the citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members. The state of organization and the principal place of business of an unincorporated association are legally irrelevant. Accordingly, the citizenship of an LLC is determined by the citizenship of its members. For complete diversity to exist, all of the LLC's members must be diverse from all parties on the opposing side.

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104–05 (3d Cir. 2015) (citations omitted).

Neither the Complaints nor the Notices of Removal adequately plead the citizenship of the parties. The Complaints state only that Plaintiff, a limited liability company, has "its principal place of business in Greenville, South Carolina." The Comlaints say nothing about the citizenship of Defendants. *See* DE 6-1 at p. 1. The Notices of Removal, like the Complaints, allege that Plaintiff is a citizen of South Carolina. *See* DE 1 at ¶ 10. As to the citizenship of the Developer, the Notices of Removal assert that "[a]t the time this was filed," the Developer "was in the process of organizing and existing under the laws of the

State of Wyoming and has its principal place of business" in Cheyenne, Wyoming.[7] *Id.* at ¶ 7. The Notices of Removal make no affirmative allegation as to the citizenship of Defendant Pavlovsky and state only that he is not a New Jersey citizen. *Id.* at ¶ 8.

Defendants' allegations as to the citizenship of Plaintiff and the Developer, both of which are limited liability companies,[8] are legally misguided. The citizenship of an LLC is not based on the state of incorporation and principal place of business, as would be the case for an ordinary corporation. Rather, an LLC shares the citizenship of each of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (noting that "the citizenship of an LLC is determined by the citizenship of its members."). The Notices of Removal only identify the principal place of business and/or state of incorporation for Plaintiff and the Developer. This falls short of an adequately pled allegation of citizenship.

Magistrate Judge Clark gave the parties another chance. On May 12, 2021, the Court entered an Order in Civil Action No. 21-10996 directing Plaintiff and Developer to file "certifications completely analyzing their own citizenship with specificity" and directing Defendant Pavlovsky to "file a certification demonstrating his citizenship with supporting documentation, including an explanation of his contradictory assertions . . . ." Civil Action No. 21-10996 DE 3. Plaintiff's responsive certification states that Plaintiff's "sole owner" is Lima One Holdings, LLC; Plaintiff still fails, however, to provide any information regarding the members of Lima One Holdings, LLC. *See* Civil Action No. 21-10996 DE 10. Defendants' responsive certification, while

---

[7] The Notices of Removal filed in each case, beginning with the numbered paragraphs contained therein, are identical. The Notices of Removal refer to the respective corporate Defendants only as "DEVELOPER" and do not differentiate between then in any manner.

[8] It is unclear whether the Developer named in Civil Action No. 21-11032, Foresta Construction Co., is an LLC. The only information provided regarding Foresta Construction Co. is that Defendant Pavlovsky is its "only Member and Owner . . . ." Civil Action No. 21-11032, DE 9 at p. 8.

providing slightly more information, is similarly unenlightening regarding the citizenship of the parties. *See* Civil Action No. 21-10996 DE 9, Certification of Alexander Pavlovsky.[9] Defendants' certification claims that Defendant Pavlovsky is the "only Member and Owner" of the Developer. Pavlovsky Certification at ¶ 1.[10] As to his own citizenship, Defendant Pavlovsky states that he is a "resident of the State of Florida and [has] been domiciled in Florida since June of 2019." *Id.* at ¶ 7. As proof of his Florida residency, Defendant Pavlovsky attaches a one-year lease, commencing on June 1, 2019, for a residence in Miami Beach, Florida. *Id.* at Ex. B.

Defendants' assertions as to the citizenship of the parties in the Notices of Removal fail to meet Defendants' burden in establishing federal jurisdiction. Although Defendants have not submitted any request to amend their removal petition, the Court recognizes that 28 U.S.C. § 1653 vests district courts with the power to remedy "inadequate jurisdictional allegations, but not defective jurisdictional facts." *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003). Where, as here, diversity is defectively alleged in the notice of removal, the court "may look to the complaint and other items in the record to find the requisite jurisdictional allegations." *Ellerbee v. Union Zinc, Inc.*, 881 F. Supp. 162, 164 (E.D. Pa. 1995) (citing *Perks v. Firestone Tire & Rubber Co.,* 611 F.2d 1363, 1366 n. 11 (3d Cir.1979)). If "the existence of diversity jurisdiction is not contested and allegations of the parties' diverse citizenship are contained in other documents in the record, the court may deem 'technical' pleading

---

[9] The Certification of Alexander Pavlovsky filed in response to the Court's Order in 21-10996 was re-filed as an attachment to Defendants' oppositions to Plaintiff's motions to remand in each action. The Certification of Alexander Pavlovsky appears in Civil Action No. 21-10994 DE 8-5 and is hereinafter referred to as the "Pavlovsly Certification" The Court further notes that the Pavlovsky Certification violates Local Civil Rule 7.2(a). Pursuant to Local Civil Rule 7.2(a), "certifications . . . shall be restricted to statements of fact within the personal knowledge of the signatory" and "[l]egal arguments and summations in such documents will be disregarded by the Court and may subject the signatory to appropriate censure, sanctions or both." The Pavlovsky Certification is riddled with legal arguments and summations.

[10] Defendant Pavlovsky's assertion that he is the only member and owner of the Developer is repeated in each action.

deficiencies in the removal notice's jurisdictional allegations and may allow the removing party to cure them by amendment." *Ellerbee*. 881 F. Supp. at 164-65 (citations omitted).

Despite being provided with several opportunities to do so, Defendants have failed to submit any consistent or complete allegations or information regarding the citizenship of the parties at the time these actions were commenced or at the time of removal. Although Defendants claim to be citizens of Florida, Plaintiff is adamant that Defendants are in fact a citizens of New Jersey, and the Court agrees that Defendants' filings in these matters provide ample reasons to question the veracity of Defendants' citizenship allegations. For example, Plaintiff provided a loan application signed by Defendant Pavlovsky on September 3, 2019, which lists his "Primary Residence" as 168 La Quinta Ct, Holmdel, NJ 07733. *See* Civil Action No. 21-10994 DE 7-9. The address listed by Defendant Pavlovsky on the September 3, 2019 loan application directly contradicts Defendant Pavlovsky's claim that he has been domiciled in Florida since June of 2019. Based on the inadequate and inconsistent assertions of citizenship by Defendants, it appears unlikely that Defendants would be able to cure the deficiencies in their removal petitions. However, the Court need not resolve the questions regarding the parties' citizenship at this juncture or address Plaintiff's argument that removal was barred by the forum defendant rule.  Defendants' removal of these matters was untimely, and the Court will remand these matters on that basis.

### B. Timeliness of Removal[11]

Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . . of a copy of the initial pleading." However, "if the case stated by the initial

---

[11] Again, in the interest of clarity, the Court will analyze the timeliness of removal in Civil Action No. 21-10994, the first removed action, as a template for analysis. While the specific dates and amounts at issue in the remaining actions differ slightly, the remaining actions were all removed more than thirty days after the filing of Defendants' respective Answers and counterclaims. As noted above, the amount in controversy in each case exceeds $75,000.

pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Neither party has provided the Court with the date on which Defendants received or were formally served with the underlying Complaint. Defendants contend that they were they were "never served with process." Pavlovsky Certification at ¶ 45. Specifically, Defendant Pavlovsky claims that he has "no knowledge whether Plaintiff made any attempt to serve [him] or [his] company with process" and contends that because he was "extremely sick," Plaintiff "never had an opportunity" to serve him. *Id.* at ¶ 47. Defendant Pavlovsky further claims that "because [he] was extremely sick . . . [he] was unable to retain counsel . . . ." *Id.* at ¶ 49.

The Complaint was filed on January 15, 2021. [*see* DE 6-1] While the dates of service are unclear, Defendants' Answer and counterclaims were signed and filed by Defendants' counsel on February 12, 2021 [*see* DE 6].[12] At that point, at the very latest, Defendants had received the Complaint, or they could not have answered it. Defendants' 30-day period to remove this matter began to run, at the very latest, on February 12, 2021. Accordingly, Defendants' removal of this matter on May 9, 2021, was untimely under the 30-day deadline imposed by 28 U.S.C. § 1446(b).

Defendants that removal was nevertheless timely under § 1446(b)(3), which allows for the removal of an initially unremovable case within 30 days from the occurrence of some subsequent event in the litigation which renders

---

[12] According to N.J. Ct. R. 4:6-2(d), insufficient service of process is an affirmative defense and must therefore be asserted in a defendant's first responsive pleading. A defense based on insufficient service of process may be "raised by motion within 90 days after service of the answer, provided that defense has been asserted therein . . . ." N.J. Ct. R. 4:6-3. If not raised by motion pursuant to R. 4:6-3, a defense based on insufficient service of process is waived. N.J. Ct. R. 4:6-7. Defendants did not include any affirmative defenses relating to service of process in their Answer and have therefore waived any such defense.

the case removable. Defendants have offered two separate but unconvincing explanations as to why these matters were not initially removable.

First, Defendants contend that "Plaintiff failed to provide any demand, which would purport to give notice to [Defendants] of the value of this matter" and argue that this case was timely removed "within 30 days of receipt of learning of the value of this matter." DE 8 at p. 7. Defendants do not provide any explanation of the event or events which purportedly informed them of the "value of this matter." *Id.* Defendants argue that this matter was not initially removable because "it was not facially apparent from [the Complaint] whether the amount in controversy exceeded the $75,000.00 threshold." This contention directly contradicts Defendants' jurisdictional allegation that the $479,250.00 amount of the underlying note, satisfies the amount in controversy requirement. DE 8 at p. 6; DE 1 at ¶¶ 17-19 (citing the $479,250.00 amount of the underlying note and "submit[ting] that the . . . allegations in the Complaint prove that is appears to a reasonable certainty that the claim is in excess of $75,000." (internal citations omitted)). Defendants cannot have it both ways; by their own admission, the amount in controversy is set forth on the face of the Complaint. That being the case, they cannot establish that the case was initially not removable, or that they learned it was removable only sometime after receiving the Complaint.

Second, Defendant Pavlovsky claims that "[b]ecause he was fighting for [his] life as a result of COVID-19, at the time the Complaint was filed, [he] was unable to provide [his] attorney with any evidence, which reflected the amount in controversy . . . ." Pavlovsky Certification at ¶ 37. Again, by Defendants' own admission, the amount in controversy is set forth on the face of the Complaint. The amount in controversy was evident from the outset and did not become apparent only later, based on "evidence" provided by Defendants to their counsel.

In light of the foregoing, the Court finds that Defendants' 30-day period for removal began to run, at the very latest, when Defendants filed their Answers and counterclaims on February 12, 2021 [Civil Action Nos. 21-10994,

21-10995, 21-10996 and 21-11032] and March 8, 2021 [Civil Action Nos. 21-11032 and 21-11038]. Accordingly, Defendants' notices of removal on May 9, 2021 [Civil Action Nos. 21-10994, 21-10995 and 21-10996] and May 10, 2021 [Civil Action Nos. 21-11032, 20-11035 and 21-11038] were well beyond the 30-day limit set forth under § 1446(b). Because Defendants' removal of these matters was untimely, they will be remanded.

## III.  CONCLUSION

For the reasons set forth above, Plaintiff's motions to remand in Civil Action No. 21-10994 [DE 7], Civil Action No. 21-10995 [Dkt. Nos. 8, 9], Civil Action No. 21-10996 [DE 12], Civil Action No. 21-11032 [DE 8], Civil Action No. 21-11035 [DE 8], and Civil Action No. 21-11038 [DE 9] are all **GRANTED**.

An appropriate order follows.

Dated: December 22, 2021.

s/ Kevin McNulty
**Kevin McNulty**
**United States District Judge**

12